## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PAT DOMINGUEZ,

    Petitioner,

v.                                                     Civ. No. 20-626 WJ-GJF

ROBIN BOURNE and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Pat Dominguez's habeas corpus petition [ECF 1] [Petition]. Dominguez challenges his 2003 state convictions based on, inter alia, double jeopardy. Having reviewed the matter under Habeas Corpus Rule 4, the Court will require Dominguez to show cause why his Petition should not be dismissed for failure to file within the one-year limitation period.

### I. Procedural Background[1]

In 2003, Dominguez pled no contest to kidnapping, conspiracy to commit kidnapping, conspiracy to commit extortion, and bribery of a witness. [ECF 1 at 42]. The state court sentenced him to a total term of 31.5 years in prison. *Id.* Judgment on the conviction and sentence was entered April 29, 2004. *Id.* Dominguez initially appealed, but he withdrew the notice and instead filed motions to reconsider/for habeas relief. *See* Appeal Withdrawn and

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Dominguez's state court criminal dockets, Case No. D-1215-CR-2000-419 and S-1-SC-29511. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Motion to Reopen in D-1215-CR-2000-419.  The state court denied all relief on September 28, 2005.  [ECF 1 at 107].  Dominguez sought certiorari review with the New Mexico Supreme Court (NMSC), which denied the petition on November 15, 2005.  *See* ORD Deny in S-1-SC-29511.

The state dockets reflect Dominguez did not file a certiorari petition with the United States Supreme Court (USSC).  *See* Docket Sheets in D-1215-CR-2000-419 and S-1-SC-29511.  The Court assumes, without deciding, that his conviction and sentence did not become final until after expiration of the 90-day USSC certiorari period.  The conviction and sentence therefore became final, at the latest, on February 14, 2006.  *See Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001) (one-year habeas limitation period commences under when time expires for seeking writ of certiorari from USSC, regardless of whether petitioner seeks such review); Sup. Ct. R. 13.1 (providing 90-day period for filing petition for writ of certiorari).

Over four years passed with no tolling activity.  *See* Docket Sheet in D-1215-CR-2000-419.  On March 25, 2010, Dominguez filed a second state habeas petition.  *See* Habeas Corpus Petition in D-1215-CR-2000-419.  The state court again dismissed the claims on August 9, 2010. *See* CLS: Order of Dismissal in D-1215-CR-2000-419.  Dominguez filed another state habeas petition on December 2, 2013, and he has been litigating continuously in that forum for about seven years.  *See* Docket Sheet in D-1215-CR-2000-419.

On June 29, 2020, Dominguez filed a federal 28 U.S.C. § 2241 Petition [ECF 1].  He argues his state convictions violate double jeopardy principles because they all arise from the same transaction.  [ECF 1 at 5].  Because Dominguez challenges his state convictions, rather than the execution of his sentence, the Court must construe the filing under 28 U.S.C. § 2254.  *See Leatherwood v. Allbaugh,* 861 F.3d 1034, 1042 (10th Cir. 2017) ("[A] state prisoner's federal

habeas challenge to the validity of an underlying conviction or sentence must typically be brought under § 2254."). Dominguez paid the $5 habeas filing fee, and the matter is ready for initial review.

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the limitation period began to run no later than February 14, 2006, when the appeal period expired in connection with Dominguez's initial motions to reconsider and for habeas relief. *See Locke*, 237 F.3d at 1271-1273. There was no discernable tolling activity during the next year, and the one-year period expired no later than February 14, 2007. The various state habeas petitions filed after that date did not - as Dominguez may believe - restart the clock or otherwise

3

impact the expired limitations period.  *See Fisher v. Gibson,* 262 F.3d 1135, 1142-1143 (10th Cir. 2001).  Accordingly, Dominguez must show cause why the Petition filed June 29, 2020 is not time-barred.  The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice.  *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.")

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Dominguez must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE