# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAT DOMINGUEZ,

    Petitioner,

v.                                                                                                                                    Civ. No. 20-626 WJ/GJF

ROBIN BOURNE and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Pat Dominguez's Habeas Corpus Petition (Doc. 1) (Petition). Also before the Court is his motion to appoint counsel (Doc. 7). Dominguez challenges certain state convictions based on, inter alia, double jeopardy. The Court previously directed him to show cause why his § 2254 Petition should not be dismissed as untimely. Because there are no grounds for tolling, the Court will dismiss the Petition.

## BACKGROUND

The background facts are taken from the Petition (Doc. 1) and the state filings in Dominguez's criminal case, Case No. D-1215-CR-2000-419. Dominguez attaches most relevant state filings to his Petition, and the remaining state docket entries are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

In 2003, Dominguez pled no contest to first degree kidnapping, conspiracy to commit kidnapping, conspiracy to commit extortion, and bribery of a witness. *See* Doc. 1 at 13, 42. The state court sentenced him to a total term of 31.5 years in prison. *Id.* at 13. Judgment on the conviction and sentence was entered April 29, 2004. *Id.* Dominguez initially appealed, but he withdrew the direct appeal and instead filed motions to reconsider/for habeas relief. *See* Appeal Withdrawn and Motion to Reopen in D-1215-CR-2000-419. The state court denied all relief on September 28, 2005. *See* Doc. 1 at 107. Dominguez sought certiorari review with the New Mexico Supreme Court (NMSC), which denied the petition on November 15, 2005. *See* ORD Deny Cert. Pet. in S-1-SC-29511.

The state docket reflects Dominguez did not file a certiorari petition with the United States Supreme Court (USSC). *See* Docket Sheets in D-1215-CR-2000-419 and S-1-SC-29511. The Court assumes, without deciding, that his conviction and sentence did not become final until after expiration of the 90-day USSC certiorari period. The conviction and sentence therefore became final, at the latest, on February 14, 2006. *See Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001) (one-year habeas limitation period commences under when time expires for seeking writ of certiorari from USSC, regardless of whether petitioner seeks such review); Sup. Ct. R. 13.1 (providing 90-day period for filing petition for writ of certiorari).

Over four years passed with no tolling activity. *See* Docket Sheet in D-1215-CR-2000-419; Doc. 1 at 30 (acknowledging that Dominguez filed state habeas petitions in 2005 and again in 2010). On March 25, 2010, Dominguez filed a second state habeas petition. *See* Doc. 1 at 30. The state court again dismissed the claims on August 9, 2010. *See* Order of Dismissal in D-1215-CR-2000-419. Dominguez filed another state habeas petition on December 2, 2013, and he has been litigating continuously in that forum for about seven years. *See* Docket Sheet in D-1215-

CR-2000-419. On June 29, 2016, the state court entered an amended judgment removing the requirement that Dominguez pay restitution. *See* Final Order in D-1215-CR-2000-419. All state habeas petitions were otherwise denied. *See* Docket Sheet in D-1215-CR-2000-419

On June 29, 2020, Dominguez filed the federal Petition (Doc. 1). He argues his conspiracy convictions violate double jeopardy principles because they arise from the same transaction as the underlying kidnapping. *See* Doc. 1 at 5. He asks the Court to vacate the conspiracy charges, vacate his term of probation, and order that the remaining sentences run concurrently. *Id.* at 10. Although Dominguez filed the Petition using a 28 U.S.C. § 2241 form, he explicitly seeks relief from his state convictions under 28 U.S.C. § 2254. *See* Doc. 1 at 9. The Court therefore construes the Petition under § 2254. *See Leatherwood v. Allbaugh,* 861 F.3d 1034, 1042 (10th Cir. 2017) ("[A] state prisoner's federal habeas challenge to the validity of an underlying conviction or sentence must typically be brought under § 2254."). By an Order entered August 26, 2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. *See* Doc. 6; *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Order directed Dominguez to show cause why the case should not be dismissed. He timely filed a show-cause response (Doc. 8), and the matter is ready for review.

## DISCUSSION

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)   While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

Here, the one-year period began running no later than February 14, 2006, when the criminal conviction became final. *See Locke*, 237 F.3d at 1271-1273. The state docket and the attachments to the Petition reflect there was no case activity during the next year. The one-year limitation period therefore expired, at the latest, on February 14, 2007. Any state habeas motions "submitted after th[at] ... deadline do[] not toll the limitations period." *Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006); *Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006) (same). Similarly, the entry of an amended judgment on June 29, 2016, which merely deleted the restitution order, did not trigger a new limitation period as to Dominguez's substantive habeas claims. *See Carillo v. Zupan*, 626 Fed. App'x 780, 781-82 (10th Cir. 2015) (amended judgment that reduced the amount of restitution did not trigger a new one-year period); *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) ("[A]ttacks on the original conviction are no[t] somehow resurrected" by a later modification to the sentence); *Burks v. Raemisch*, 680 Fed. App'x 686, 686-87 (10th Cir. 2017) (amended judgment does not "restart[ ]" the one-year period for "matters originally decided and put to rest through direct appeal, state post-conviction remedies and the running of the time allotted for federal habeas review").

In his show-cause response, Dominguez does not contest that over four years elapsed with no tolling activity after the criminal judgment became final.  Instead, he explains his "last [state] court date [was] on March 16, 2020," and he "thought [he] had one year from this date" to file a § 2254 petition.  *See* Doc. 8 at 1.  This is a common mistake; many inmates incorrectly believe that each state habeas proceeding triggers a new one-year limitation period.  However, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse" an untimely filing. *Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000).  *See also Taylor v. Wade*, 789 Fed. App'x 674, 677 (10th Cir. 2019) (Petitioner's "misapprehension of the law … could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 Fed. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Hickmon v. Mahaffey*, 28 Fed. App'x 856, 858 (10th Cir. 2001) (same).

The remaining show-cause arguments focuses on the merits of the habeas claims. Dominguez contends: (1) his convictions violate the Double Jeopardy Clause; (2) his sentence was unduly harsh; and (3) counsel rendered ineffective assistance in connection with his plea agreement.  *See* Doc. 8 at 1-3.  Federal courts cannot grant relief on the merits of a habeas claim unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period.  *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA)…. The first of these barriers is timeliness.").  Any alleged defects in the original criminal proceeding cannot save the otherwise untimely § 2254 Petition.[1]

---

[1] The show-cause response also states: "[I]n the United States every citizen should be able to depend on the Courts to make the []right decision[,] regardless of the time it may have taken to find these mistakes that the lower courts failed to address."  (Doc. 8 at 1).  To the extent that statement can be construed as raising a tolling argument under 28 U.S.C. § 2244(d)(1)(D), it is far too vague to establish "the date on

In sum, Dominguez's show-cause response (Doc. 8) does not establish grounds for tolling. The one-year limitation period expired no later than February 14, 2007, and the 2020 federal habeas proceeding is time-barred. The Court will dismiss the Petition (Doc. 1) with prejudice and deny the motion to appoint counsel (Doc. 7) as moot. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that the Motion to Appoint Counsel (**Docs. 7**) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Pat Dominguez's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 1**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

which the factual predicate of the claim … could have been discovered through the exercise of due diligence."